IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER DYLAN BELL,<br><br>Defendant. | CR 22-01-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Laval John Bell (Bell) has been accused of violating the conditions of his supervised release. (Docs. 46 and 48). Bell admitted some of the alleged violations. Bell's supervised release should be revoked. Bell should be sentenced to 6 months of custody, with 30 months of supervised release to follow. During the term of his supervised release, Jones shall reside in a residential re-entry center for a period of up to 180 days at the direction of his probation officer. The Court further recommends that Bell receive credit for time served since the time of his arrest.

## II. Status

On March 29, 2022, Bell pleaded guilty to the offense of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5861 and 5871 as charged in

Count 1 of the Indictment. (Doc. 23). Bell was sentenced to 40 months of custody, followed by 3 years of supervised release. (Docs. 39 and 45). Bell's current term of supervised release began on May 31, 2026.

**Petition**

On July 9, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Bell' supervised release. (Doc 46). The Petition alleged Bell violated the conditions of his supervised release by: (1) communicating with Jerel Lamar Jeffries and Madison Church, each a convicted felon, without the permission of his probation officer on or about July 6, 2026; and (2) being in possession of a Smith and Wesson M&P 9 mm handgun and ammunition on July 6, 2026.

**Amended Petition**

On July 20, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Bell' supervised release. (Doc. 48). The Amended Petition alleged Bell additionally violated the conditions of his release by (3) failing to follow the July 1, 2026, instruction of his probation officer not to have contact with Madison Church by having contact with Church on July 6, 2026.

**Initial Appearance**

Bell appeared before the Court on November 5, 2026. Bell was represented by counsel. Bell stated that he had read the Amended Petition and that he understood

the allegations against him. Bell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Bell appeared before the Court on November 5, 2026. Bell admitted that he had violated the conditions of supervised release as set forth as allegations 1 and 3 in the Amended Petition as to Madison Church. The Government moved to dismiss allegation 2, which the Court granted. Bell's admitted violations, 1 and 3, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Bell appeared before the Court on November 5, 2026. Bell's violations are Grade C. His criminal history category is V. Bell's underlying offense is a Class C felony. Bell could be incarcerated for up to 24 months. Bell could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 30 to 37 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Bell' supervised release should be revoked. Bell should be sentenced to 6 months of custody, with 30 months of supervised release to follow. During the term of his supervised release, Jones shall reside in a residential re-entry center for a period of up to 180 days at the direction

of his probation officer. This sentence is sufficient but not greater than necessary. The Court further recommends that Bell receive credit for time served since the time of his arrest.

## IV. Conclusion

The Court informed Bell that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Bell of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Bell that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bell waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That HUNTER DYLAN BELL has violated the conditions of his supervised release by: (1) communicating with Madison Church, a convicted felon, without the permission of his probation officer on or about July 6, 2026; and (3) failing to follow the July 1, 2026, instruction of his probation officer not to have contact with Madison Church, by having contact with Church on July 6, 2026.

The Court **RECOMMENDS**:

> That the District Court revoke Bell's supervised release and sentence Bell to custody for 6 months, with 30 months of supervised release to follow. During the term of his supervised release, Jones shall reside in a residential re-entry center for a period of up to 180 days at the direction of his probation officer. The Court further recommends that Bell receive credit for time served since the time of his arrest.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 5th day of November 2026.

John Johnston
United States Magistrate Judge